# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JAY ANDREW SLOBEN,

    Plaintiff,

v.                                  Case No: 8:21-cv-0672-KKM-JSS

HILLSBOROUGH COUNTY STATE
ATTORNEY'S OFFICE, JUDGE
FRANCES M. PERRONE, JOHN
ROCCO PACE, and ANTHONY
JOHN LETOURNEAU,

    Defendants.
_____

## ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. 6) and Defendants' Motion to Dismiss (Doc. 9). Plaintiff failed to file a timely response to Defendants' Motion to Dismiss, so this Court will treat the motion as unopposed. *See* Local Rule 3.01(c). The Court denies the motion to remand and grants the motion to dismiss.

This action appears to originate from a series of domestic relations actions in Hillsborough County Circuit Court involving Plaintiff.[1] (Doc. 9 at 5). Plaintiff challenges the actions of Judge Perrone, who presided over a case and entered a stalking

---

[1] When considering a factual attack in a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court may consider matters outside the pleadings. *See Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997).

injunction against Plaintiff; the State Attorney's office for prosecuting several cases against him; Officer John Rocco Pace, who uncovered a recording device belonging to Plaintiff and sought a stalking injunction against Plaintiff; and Anthony Letourneau, who petitioned for a stalking injunction against Plaintiff. (Doc. 1-1; Doc. 9 at 5). There are also three pending criminal cases against Plaintiff for violating the injunction and cyberstalking. (Doc. 9 at 5). Plaintiff filed the instant action in small claims court alleging intentional infliction of emotional distress, malicious prosecution, cyberstalking, and deprivation of rights under color of law. (Doc. 1-1). Defendants' timely removed the action under 28 U.S.C. § 1441 because Plaintiff's complaint contains allegations of deprivation of federal civil rights. (Doc. 1). Plaintiff filed a paper challenging removal, and Defendants moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim. (Docs. 6 & 9).

As an initial matter, the Court construes Plaintiff's March 29, 2021 filing as a motion to remand the action to state court. Although titled as "Defendants Motion for Removal and Motion to Enlarge Time is Therefore Denied," the Plaintiff seeks to remand the action to state court and gives reasons to reject the Defendants' notice of removal. (Doc. 6). All of Plaintiff's reasons boil down to the fact that he would rather litigate in state court than federal court, which is insufficient to warrant remand.

Further, Plaintiff's claim is due to be dismissed for a number of reasons. First, Judge Perrone enjoys absolute judicial immunity for her actions. *See, e.g., McCree v. Griffin*, 2020 WL 2632329 (11th Cir. May 20, 2020); *McCullough v. Finley*, 907 F.3d 1324,

1331 (11th Cir. 2018); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). A judge is subject to liability only in the clear absence of all jurisdiction. That is not the case here.

Second, it appears that all of Plaintiff's complaints stem from a series of judicial decisions in state court and pending criminal charges, which this Court is not at liberty to review. Under the *Rooker-Feldman* doctrine, this court lacks jurisdiction to review a final state court decision and must dismiss cases "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284, 293 (2005). Federal district courts may not exercise jurisdiction to decide federal issues which are inextricably intertwined with a state court's judgment," unless the plaintiff had no reasonable opportunity to raise the federal claim in state proceedings. *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997). Here, it appears the Plaintiff had ample opportunity to complain of his injuries in the state court proceedings below.

Finally, to the extent that Plaintiff is challenging his currently pending criminal prosecutions, the Court is not permitted to enjoin the state action. *See Younger v. Harris*, 401 US. 37, 43–45 (1971); *Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir. 1997) ("Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances."). While the precise relief sought by Plaintiff is unclear, his complaint

essentially asks this Court to stop the prosecutions and restraining orders, which it cannot do. Accordingly, the following is ordered:

1. Plaintiff's Motion to Remand (Doc. 6) is **DENIED**.

2. Defendants' Motion to Dismiss (Doc. 9) is **GRANTED**. This case is **DISMISSED with prejudice**. The Clerk is directed to terminate all pending motions and close the case.

**ORDERED** in Tampa, Florida, on June 5, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge